Frances M. O'Meara, California Bar No. 140600
fomeara@wshblaw.com
Robert A. Latham III, California Bar No. 125081
rlatham@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
T: 310.481.7600/F: 310.481.7650

Attorneys for Defendant MGM Resorts
International dba Bellagio Casino

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SCARLETT MADDELEINE dba GOLD BEAUTIFUL TRUTH,<br><br>            Plaintiff,<br><br>    v.<br><br>MGM RESORTS INTERNATIONAL dba BELLAGIO CASINO,<br><br>            Defendant. | **Case No. 2:23-cv-06282 JFW-BFMx**<br><br>**NOTICE OF FILING OF CASE-CITATION <u>HYPERLINKED</u> RULE 12(b)(2), 12(b)(5), AND 12(b)(6) MOTION OF DEFENDANT MGM RESORTS INTERNATIONAL DBA BELLAGIO CASINO [DOC. 18]**<br><br>**Hearing: Monday, October 2, 2023, at 1:30 p.m. in Courtroom 7A, 350 W. 1st St., Los Angeles, California 90012** |

**NOTICE IS GIVEN** that because of internal, technical difficulties at the law firm of Lead Trial Counsel Robert Latham, briefing filed and served August 30, 2023 [Doc. 18] lacked the case citation hyperlinking required under Standing Order ¶ 5(e).

**NOTICE IS ALSO GIVEN** that, with that situation resolved, Defendant MGM Resorts International dba Bellagio Casino files the attached, case-citation hyperlinked Notice of Motion and Memorandum of Points and Authorities to its previously filed and served Notice and Motion to Dismiss.

. . . . .

WOOD, SMITH, HENNING & BERMAN LLP<br>Attorneys at Law<br>10960 WILSHIRE BOULEVARD, 18TH FLOOR<br>LOS ANGELES, CALIFORNIA 90024-3804<br>TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: August 31, 2023

WOOD, SMITH, HENNING & BERMAN LLP



By: _____

Frances M. O'Meara
Robert A. Latham III

Attorneys for Defendant MGM Resorts
International dba Bellagio Casino

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

NOTICE OF FILING OF MGM RESORTS' HYPERLINKED RULE 12(b) MOTION

Frances M. O'Meara, California Bar No. 140600
fomeara@wshblaw.com
Robert A. Latham III, California Bar No. 125081
rlatham@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
T: 310.481.7600/F: 310.481.7650

Attorneys for Defendant MGM Resorts
International dba Bellagio Casino

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SCARLETT MADDELEINE dba GOLD BEAUTIFUL TRUTH,<br><br>Plaintiff,<br><br>v.<br><br>MGM RESORTS INTERNATIONAL dba BELLAGIO CASINO,<br><br>Defendant. | Case No. 2:23-cv-06282 JFW-BFMx<br><br>**NOTICE OF MOTION AND RULE 12(b)(2), 12(b)(5), AND 12(b)(6) MOTION OF DEFENDANT MGM RESORTS INTERNATIONAL DBA BELLAGIO CASINO; POINTS AND AUTHORITIES**<br><br>[With Concurrently-Filed Declaration of Merielle Enriquez Banks]<br><br>**Hearing: Monday, October 2, 2023, at 1:30 p.m. in Courtroom 7A, 350 W. 1st St., Los Angeles, California 90012**<br><br>[Without L.R. 7-3 Joint Statement, as allowed under Order [Doc. 17] granting Defendant's Request to File Rule12 (b)(2), 12(b)(5), and 12(b)(6) Motion] |

**NOTICE IS GIVEN** that on Monday, October 2, 2023 at 1:30 p.m., Defendant MGM Resorts International dba Bellagio Casino (MGM Resorts) will move to dismiss this action pursuant to Federal Rules of Civil Procedure [hereinafter "Rules"] 12(b)(2), 12(b)(5), and 12(b)(6) for:

(i) lack of personal jurisdiction;

(ii) insufficient service of process; and

(iii) failure to state a claim upon which relief can be granted.

In particular:

**1. Rule 12(b)(2):** The State of California lacks both general and specific in personam jurisdiction over MGM Resorts, as required under Federal Rule 4(k)(1)(A) and California Code of Civil Procedure [C.C.P.] § 410.10 (California's long-arm statute). Thus, this action should be dismissed with prejudice.

**2. Rule 12(b)(5):** Service of process rules prescribe service protocols on out-of-state corporation MGM Resorts that were not observed, in accordance with either Rules 4(e)(1) and 4(h) or C.C.P. § 416.10(b). Though leave to obtain proper service is within the Court's discretion, this action should be dismissed with prejudice under Rule 12(b)(2) for lack of personal jurisdiction.

**3. Rule 12(b)(6):** The Complaint fails to allege facts sufficient to state claims upon which relief can be granted on any of the four claims in the Complaint, as they do not allege the material factual elements of those claims of: (i) General Negligence, "Intentional Tort," Premises Liability, and "Dram Shop." Moreover, based on conflict of law principles, the Dram Shop claim is not actionable in California for injuries to a California resident allegedly occurring in Nevada. *Cable v. Sahara Tahoe Corporation*, 93 Cal.App.3d 384, 396-397 (1979).

Except for the fatally defective Dram Shop claim, even though leave to amend the other three claims is within the Court's discretion, this action should be dismissed with prejudice under Rule 12(b)(2) for lack of personal jurisdiction.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

This motion is based on the Complaint (Document [Doc.] 1-1), filed in the Superior Court of California, Los Angeles County; MGM Resorts' Notice of Removal and Exhibits A, B, and C (Docs. 1, 1-1, 1-2, and 1-3); the foregoing Notice; the following Memorandum of Points and Authorities; the concurrently-filed Declaration of Merielle Enriquez Banks; MGM Resorts' reply to any opposition or, as the case may be, its notice of non-opposition; and evidence or argument requested at hearing.

Dated: August 30, 2023

**WOOD, SMITH, HENNING & BERMAN LLP**



By: _____

Frances M. O'Meara
Robert A. Latham III

Attorneys for Defendant MGM Resorts International dba Bellagio Casino

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................. 7

II.  MGM RESORTS' RULE 12(b)(2) MOTION ...................................... 8

   A.  Introduction ................................................................................. 8

   B.  California Lacks General Jurisdiction Over MGM Resorts ........... 8

   C.  California Also Lacks Specific Jurisdiction Over MGM Resorts ... 9

III.  MGM RESORTS' RULE 12(b)(5) MOTION ..................................... 12

   A.  Introduction ................................................................................. 12

   B.  The Federal Rules on Service ...................................................... 13

   C.  California's Rules on Service........................................................ 13

   D.  Service was improper under the Federal and California's Service Rules........ 14

IV.  MGM RESORTS' RULE 12(b)(6) MOTION ..................................... 16

   A.  Introduction ................................................................................. 16

   B.  Rule 12(b)(6) Motion Grounds .................................................... 16

   C.  The Four Facially Defective Claims ............................................ 16

      1.  Negligence........................................................................... 17

      2.  Intentional Tort................................................................... 18

      3.  Premises Liability................................................................ 18

      4.  The Dram Shop Claim ......................................................... 18

V.  THE RELIEF REQUESTED ............................................................... 19

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).............................................................16, 18

*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007)....................................16

*Benny v. Pipes*, 799 F.2d 489 (9th Cir. 1986) ..........................................................13

*Black v. Ritz-Carlton Hotel Co. LLC*, 977 F.Supp.2d 996 (C.D. Cal. 2013) ......11, 12

*Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255 (2017) ..........................10

*Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004).....................................................12

*Brown v. USA Taekwondo*, 11 Cal.5th 204 (2021).....................................................18

*Burger King Corporation v. Rudzewicz*, 471 U.S. 462 (1985) ...................................8

*Cable v. Sahara Tahoe Corporation*, 93 Cal.App.3d 384 (1979)....................2, 8, 16

*Cranick v. Niagara Credit Recovery*, 2014 WL 325321 (E.D. Cal. Jan. 28, 2014)..14

*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997) ...............................9

*Dill v. Berquist Construction Co.*, 24 Cal.App.4th 1426 (1994)........................14, 15

*Dole Food Co., Inc. v. Watts,* 303 F.3d 1104 (9th Cir. 2002)....................................10

*Eguiarte v. Golden Nugget*, 2018 WL 11338191 (C.D. Cal. Dec. 21, 2018) ...........12

*Harris Rutsky & Co. Ins. Svces v. Bell & Clements,* 328 F.3d 1122 (9th Cir. 2003)..8

*Hartmann v. Dept of Corr. and Rehab,*707 F.3d 1114 (9th Cir. 2013).........13, 16, 19

*Jennings v. Bimbo Bakeries U.S.A*, 2008 WL 11509146 (S.D. Cal. Feb. 21, 2008).17

*Jones v. Awad*, 39 Cal.App.5th 1200 (2019).............................................................18

*Kirk v. Macs,* 2016 WL 5340527 (C.D. Cal. Feb. 17, 2016) ....................................11

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218 (9th Cir. 2011) .......9

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009).......................................16

*Nieves v. Costco Wholesale Corp.*, 2022 WL 5199904 (N.D. Cal. Oct. 5, 2012) ....18

*Omni Capital International, Ltd. v. Rudolf Wolff & Co. Ltd.*, 484 U.S. 97 (1987) ..13

*Picot v. Weston,* 780 F.3d 1206 (9th Cir. 2015).........................................................10

*Reddy v. Mediscribes, Inc.*, 2020 WL 2220203 (C.D. Cal. Feb. 4, 2020) ...............14

*Sarad v. Option One Mortgage*, 2010 WL 3784014 (E.D. Cal. Sept. 27, 2010)......19

MGM RESORTS' RULE 12(b)(2), 12(b)(5), and 12(b)(6) MOTION AND POINTS AND AUTHORITIES

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004)........10, 11

*Snyder v. Wachovia Mortgage*, 2010 WL 2736945 (E.D. Cal. July 12, 2010).........17

*Stevens v. Security Pacific National Bank*, 538 F.2d 1387 (9th Cir. 1976) ........13, 15

*Student Loan Marketing Association v. Hanes*, 181 F.R.D. 629 (S.D. Cal. 1998) ...16

*Travelers Casualty and Surety Co. v. Brenneke*, 551 F.3d 1132 (9th Cir. 2009) .....13

*Walden  v. Fiore*, 571 U.S. 277 (2014)...........................................................10, 11

*Wong v. Las Vegas Sands Corp.*, 2022 WL 902419 (E.D. Cal. Mar. 28, 2022).......12

*Yahoo! Inc. v. La Ligue Contre Le Racisme etc.*, 433 F.3d 1199 (9th Cir. 2006).......8

*Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995)...................................10

**Statutes**

Cal. Business & Professions Code §§ 25602, 25602.1, 25602.2, 25602.3 ..............18

Cal. Code of Civil Procedure § 410.10.................................................. 2, 8, 14-15

Cal. Code of Civil Procedure C.C.P. § 416.10(b) ...................................... 2, 7, 12-13

Cal. Civil Code § 1714(b) and (c) ........................................................................18

**Federal Rules**

Rule 12(b)(2) ..............................................................................................passim

Rule 12(b)(5) ..............................................................................................passim

Rule 12(b)(6) ..............................................................................................passim

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

For the four claims named in the Complaint – General Negligence, "Intentional Tort," Premises Liability, and "Dram Shop" – Ms. Maddeleine alleges:

¶ 15. The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers): "Multiple Incidents of Rape/Sexual Assault. Assault with injuries (continuous trigger). Casino failed to protect rights of Patron. Plaintiff continues to suffer from gross negligence of casino."

This motion to dismiss is brought under Rules 12(b)(2), 12(b)(5), and 12(b)(6), pursuant to Rules 12(g)(2) and Rule 12(h)(1), on the grounds that:

- The courts in California cannot assert personal jurisdiction over MGM Resorts, under either general or specific jurisdictional grounds:

  MGM Resorts is a Delaware corporation that conducts business in many locations, but not in California. (Notice of Removal and Exh. B and C, Docs. 1, 1-2, and 1-3 and Declaration of Merielle Enriquez Banks [Enriquez Banks Declaration] ¶ 2 and Exhibit 1).

- Ms. Maddeleine's service of process was insufficient for the Court to assume jurisdiction over MGM Resorts:

  Ms. Maddeleine served MGM Reports by Certified Mail, but that mailing was not to any of the individuals specified to accept service under Rule 4(h) and C.C.P. § 416.10(b).

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

- Ms. Maddeleine's four claims against MGM Resorts fail to state claims upon which relief can be granted:

Those claims do not allege the material factual elements of: (i) General Negligence, "Intentional Tort," Premises Liability, and "Dram Shop." Also, the Dram Shop claim is not actionable in California for injuries allegedly occurring in Nevada. *Cable, supra*, 93 Cal.App.3d at 396-397.

## II.   MGM RESORTS' RULE 12(b)(2) MOTION

### A.   Introduction

A plaintiff has the burden of establishing that personal jurisdiction exists over a defendant. *Harris Rutsky & Co. Insurance Services v. Bell & Clements Ltd*., 328 F.3d 1122, 1128-1129 (9th Cir.2003). Where there is no federal statute controlling the Court's exercise of personal jurisdiction, federal courts must look to the forum state's jurisdictional statute to determine whether it is proper to assert personal jurisdiction. *Id*. California's long-arm statute provides that: "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." C.C.P. § 410.10. Thus, the Court's jurisdictional analysis under California law and federal due process is the same. *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme,* 433 F.3d 1199, 1205 (9th Cir.2006).

### B.   California Lacks General Jurisdiction Over MGM Resorts

General Jurisdiction, sometimes called "all-purpose" jurisdiction, arises where the defendant's activities in the forum state are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over him in all matters. *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 477-478 (1985). Ms. Maddeleine alleges that her damages arose from within Bellagio Casino, which, is it undisputed, is in Nevada. Though her Complaint is unclear on whether she

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

sustained injury while there as a California tourist or as a Nevada resident, either way, MGM Resorts' Nevada location and Delaware incorporation[1] preclude general jurisdiction for her alleged damages caused in Nevada, even if (and this is not MGM Resorts' burden to prove) she were to have made a reservation at the Bellagio from California. An interactive website "does not confer general jurisdiction." *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1226 (9th Cir. 2011).[2]

    The Complaint alleges no jurisdictional facts to establish California general jurisdiction over Ms. Maddeleine's claims that allegedly arose in Nevada. Absent California general jurisdiction over MGM Resorts, the next inquiry is whether specific jurisdiction exists – and as set forth below, the answer is "no."

## C.    California Also Lacks Specific Jurisdiction Over MGM Resorts

    Absent general jurisdiction, a court may also exercise specific jurisdiction over a defendant where "jurisdiction [is] based on the relationship between the defendant's forum contacts and the plaintiff's claim." *Yahoo!, supra*, 433 F.3d at 1205. Specific jurisdiction," sometimes called "case-linked" jurisdiction, arises when a defendant's specific contacts with the forum have given rise to the claim in question. *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017).

---

[1] The concurrently-filed Enriquez Banks Declaration Exhibit 1 recites MGM Resorts' incorporation in Delaware and places where it does business, with none in California.

[2] *Mavrix* provided: "To permit the exercise of general jurisdiction based on the accessibility in the forum of a non-resident interactive website would . . . be inconsistent with the "constitutional requirement that the continuous corporate operations within a state be 'so substantial and of such a nature as to justify suit against [the nonresident defendant] on causes of action arising from dealings entirely distinct from those activities.'" *Id.* at 1227; *accord*, *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir.1997) ("something more" is required for personal jurisdiction over a non-resident defendant than its mere presence on the internet to indicate defendant purposefully directed his activity in a substantial way to forum state).

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

A three-prong test is used in the Ninth Circuit to determine specific jurisdiction: (1) the non-resident defendant must purposefully direct its activities at or consummate some transaction with California or a resident – or perform some act by which it purposefully avails itself of the privilege of conducting activities in California; (2) the plaintiff's claim *must arise out of* or relate to the defendant's *California-related* activities; and (3) the exercise of jurisdiction must be reasonable. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004) (emphasis added).

To apply this three-prong test to determine specific jurisdiction, "purposeful availment" and "purposeful direction" are distinct concepts:

> A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand is most often used in suits sounding in tort. *Id*.

Whether a defendant "purposefully directed" its activities at the forum state requires a showing that it: "(1) committed an intentional act (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

Once the defendant challenges personal jurisdiction, the plaintiff has the burden of establishing it. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). But to establish the existence of personal jurisdiction over a defendant, a plaintiff who resides in the forum state – as Ms. Maddeleine admits she does here, in California – cannot be the only link between the defendant and the forum. *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (quoting *Walden v. Fiore*, 571 U.S. 277, 290 (2014): "[M]ere injury to a forum resident is not a sufficient connection to the forum").

. . . . .

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

In *Walden*, Nevada plaintiffs sued an out-of-state defendant over an allegedly unlawful search performed on them when they were in Georgia preparing to board a flight to Nevada. The Supreme Court of the United States held that Nevada lacked specific jurisdiction even though the Nevada plaintiffs allegedly "suffered foreseeable harm in Nevada," *id.* at 287-289, adding that the "relevant conduct occurred entirely in Georgia . . . the mere fact that [the] conduct affected plaintiffs with connections to the forum State d[id] not suffice to authorize jurisdiction." *Id.* at 291.

Specific to the out-of-state hotel context, the United States Court of Appeals for the Ninth Circuit held in *Schwarzenegger, supra*, 374 F.3d at 803, that California specific jurisdiction was not established over the defendant's alleged wrongful conduct in London, U.K. when it "received no benefit, privilege, or protection from California in connection with the [conduct alleged], and the traditional quid pro quo justification for finding purposeful availment thus does not apply." *Ibid*.

Four District Court opinions in the Ninth Circuit are in accord:

In *Black v. Ritz-Carlton Hotel Company, LLC*, 977 F.Supp.2d 996, 1006-1007 (C.D. Cal. 2013), this Court (Carter, J.) held that California specific jurisdiction could not be established over the defendant Bermudian hotel operator of a hotel in Dubai.

In *Kirk v. Macs*, Case No. LA CV15-07931 JAK (JPRx), 2016 WL 5340527, at *6 (C.D. Cal. Feb. 17, 2016), this Court (Kronstadt, J.) relied on *Walden*, *supra*, 571 U.S. at 285-286, to hold that specific jurisdiction could not be premised on the alleged "continuing effects" in California from an injury occurring in London, U.K.

In *Eguiarte v. Golden Nugget, LLC*, EDCV 18-1990-MWF (SHKx), 2018 WL 11338191, at *3-5 (C.D. Cal. Dec. 21, 2018), this Court (Fitzgerald, J.) held that the

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

Nevada hotel owner did not purposefully avail itself of the privilege of conducting activities in California by email confirmations for hotel stays prior to the injury.

In *Wong v. Las Vegas Sands Corporation*, No. 2:21-cv-01553-KJM-KJN, 2022 WL 902419, at *4 (E.D. Cal. Mar. 28, 2022), the Court relied on *Black* and *Eguiarte*, *supra*, to hold that California lacked specific jurisdiction over the defendant Nevada hotel operator of the Palazzo Hotel in Las Vegas by listing on Hotels.com.

Under *Walden*, *Schwarzenegger*, *Black*, *Kirk*, *Eguiarte*, and *Wong*, the Complaint alleges no jurisdictional facts to support specific jurisdiction. Absent either specific jurisdiction or general jurisdiction, this Rule 12(b)(2) motion should be granted and the case dismissed, with prejudice.

## III.    MGM RESORTS' RULE 12(b)(5) MOTION

### A.    Introduction

A defendant may move for dismissal under Rule 12(b)(5) for insufficient service of process. When challenged, the plaintiff has the burden of establishing the validity of service. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Enriquez Banks Declaration Exhibit 2 documents that service was sent by Certified Mail to:

> Bellagio Hotel & Casino
> MGM Resorts International
> Legal Department
> 3600 S Las Vegas Blvd
> Las Vegas NV 89109

– but, critically, not to those Rule 4(h) and C.C.P. § 416.10(b) require for proper service on corporations. Thus, personal jurisdiction does not attach to MGM Resorts.

And though it is within the Court's discretion to quash this service, allow leave for service properly, and not dismiss, *Stevens v. Security Pacific National Bank,*

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

538 F.2d 1387, 1389 (9th Cir. 1976), effectuating proper service would be futile were the case to be dismissed under Rule 12(b)(2) with prejudice. *Hartmann v. California Department of Corrections and Rehabilitation*, 707 F.3d 1114, 1130 (9th Cir. 2013).

### B.    The Federal Rules on Service

Personal jurisdiction cannot be exercised over a defendant without proper service. *Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *Travelers Casualty and Surety Co. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009). Rule 4(h) governs service on corporations, such as MGM Resorts:

(A) in a manner prescribed by Rule 4(e)(1)[3] for serving an individual; or

(B) by delivering a copy of the summons and complaint *to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process* and – if the agent is one authorized by statute and the statute so requires – *by also mailing a copy of each to the defendant*. (Emphasis added.)

Actual notice does not grant personal jurisdiction without substantial compliance with the Rule 4. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

### C.    California's Rules on Service

California's rule for obtaining service of process on corporations, C.C.P. § 416.10(b)[4], is consistent with Rule 4(h)(B).

---

[3] Under Rule 4(e)(1), a person may be served by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

[4] Under C.C.P. § 416.10(b), service on a corporation is by delivering a copy of the summons and complaint to the president, chief executive officer, or other head of the

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

### D.    Service was improper under the Federal and State Service Rules

Neither Rule 4(h) nor C.C.P. § 416.10 permits ignoring the statutory requirements on whom process must be served. In finding improper service on two out-of-state corporations, this Court (Bernal, J.) held in *Reddy v. Mediscribes, Inc.*, Case No. EDCV 19-1677 JGB (SPx), 2020 WL 2220203, at *4 (C.D. Cal. Feb. 4, 2020), that the pro sé plaintiff had not established proper service, since the addressees were not shown to be statutory recipients of service. *Id.*[5]

In *Dill v. Berquist Construction Co.*, 24 Cal.App.4th 1426, 1438 (1994), the plaintiff mailed copies of the summons and complaint to out-or-state corporations in Oregon and Utah. The California Court of Appeal found improper service, holding that proper service on the corporations had to be mailed "to a person to be served on behalf of the corporation," *i.e.*, to one of the individuals specified in C.C.P. § 416.10 – and not just to the corporations themselves. *Id.* at 1435-1436. The Court reasoned:

> [T]he distinction between a "party" and a "person to be served" on behalf
> of that party . . . is central to the statutory scheme governing service of
> process. "The words 'person to be served' are words of precision, used
> throughout the act, intended to refer to the 'individual' to be served, and

---

corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.

[5]Insufficient service under C.C.P. § 416.10 was also found in *Cranick v. Niagara Credit Recovery, Inc.*, No. 1:13-cv-671 LJO GSA, 2014 WL 325321, at *2 (E.D. Cal. Jan. 28, 2014), in which the Court instructed: [U]nder California law, "[a]gents are not fungible. A person who is authorized to perform one function on behalf of a principal may have no authority at all regarding a different function. In particular, the fact that a person is authorized to receive mail on behalf of a corporation and to sign receipts acknowledging the delivery of mail does not mean that the same person is authorized by the corporation to accept service of process. *Ibid.*

not to the 'party.' For example, reference is to the vice president of defendant corporation who is being served on behalf of the corporate defendant, and not to the corporate defendant." [Citation.] Since a corporate defendant can only be served through service on some individual person, the person to be served is always different from the corporation. *Id*.

The Court added since the service of process was addressed solely to the corporations and not to any of the statutory persons to be served, the defendants were not even required to present any further evidence to establish the invalidity of the service and the resulting lack of personal jurisdiction. *Id*. at 1441.

Notwithstanding the ease and cost-effectiveness of mailed service of process on out-of-state corporations, Rule 4(h) and C.C.P. § 416.10 still require service to be addressed to the correct person for proper service on a corporation. Specifically, Rule 4(h) requires process to be mailed to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. And C.C.P. § 416.10 requires process to be mailed to the corporate president, chief executive officer, other head of the corporation, vice president, secretary, assistant secretary, treasurer, assistant treasurer, controller, chief financial officer, general manager, or a person authorized by the corporation to receive service of process.

Ms. Maddeleine's envelope addressed solely to "Bellagio Hotel & Casino, MGM Resorts International Legal Department" is not compliant with either Rule 4(h) or C.C.P. § 416.10 – which warrants dismissal under Rule 12(b)(5). And though it is within the Court's discretion, instead, to quash service, grant leave for proper service, and not to dismiss, *Stevens, supra*, 538 F.2d at 1389, such leave would be futile, with lack of personal jurisdiction under Rule 12(b)(2). *Hartmann, supra*, 707 F.3d at 1130.

. . . . .

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

## IV.    MGM RESORTS' RULE 12(b)(6) MOTION

### A.    Introduction

Ms. Maddeleine's form Complaint fails to allege facts sufficient to state claims upon which relief can be granted in any of her four claims: general negligence, intentional tort, premises liability, and dram shop. Also, based on conflict of law principles, the dram shop claim does not lie for injuries in Nevada to her, a California resident. *Cable, supra*, 93 Cal.App.3d at 396-397.

### B.    Rule 12(b)(6) Motion Grounds

A complaint is subject to dismissal under Rule 12(b)(6) when it fails to set forth a set of facts that, if true, would entitle the plaintiff to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). More than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do, *Twombly, supra*, 550 U.S. at 555, for the complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562.

To withstand a Rule 12(b)(6) motion to dismiss, the non-conclusory factual content and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir.2009) (quoting *Iqbal, supra*, 556 U.S. at 678.) A court will dismiss a claim that, even when construed in the light most favorable to plaintiff, fails to plead all the required elements of a cause of action. *Student Loan Marketing Association v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

### C.    The Four Facially Defective Claims

Merely checking boxes on her form Complaint on general negligence, intentional tort, premises liability, and "dram shop" is legally insufficient to state a

claim upon which relief can be granted. In *Snyder v. Wachovia Mortgage*, No. CV F 10-1168 LJO SKO, 2010 WL 2736945, at *6 (E.D. Cal. July 12, 2010), the Court held that the pro sé plaintiff's form complaint that merely checked boxes for "intentional tort" and "premises liability" did not state a claim. Similarly, in *Jennings v. Bimbo Bakeries U.S.A., Inc.*, Case No. 07cv1929 BTM(WMc), 2008 WL 11509146, at *1 (S.D. Cal. Feb. 21, 2008), the Court held that checking "personal injury," without pleading additional specifics, failed to state a claim upon which relief can be granted.

Besides those checked boxes is Complaint ¶ 15, common to all four of Ms. Maddeleine's claims, which reads:

¶ 15. Multiple Incidents of Rape/Sexual Assault. Assault with injuries (continuous trigger). Casino failed to protect rights of Patron. Plaintiff continues to suffer from gross negligence of casino. *Id.*

Absent additional specific allegations, checked boxes and ¶ 15 do not state claims upon which relief can be granted, whether for general negligence, intentional tort, premises liability, or "dram shop." Just why is now addressed.

### 1.    Negligence

The well-known elements of a negligence claim are: (1) a legal duty of care, (2) a breach of that duty, (3) the breach caused an injury, and (4) actual loss and damage from the breach of the duty of care. *Brown v. USA Taekwondo*, 11 Cal.5th 204, 213 (2021). In *Iqbal, supra*, 556 U.S. at 678), the Supreme Court required more than unadorned "the defendant unlawfully harmed me" accusations, as in ¶ 15. Fatally here, the form Complaint does not allege the dates of the alleged breach of duty, who was involved, or where the conduct took place. The general negligence claim should be dismissed for failing to state a claim on which relief can be granted.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

### 2. Intentional Tort

Merely checking the box for "intentional tort" does not satisfy the plausibility standard under *Iqbal, supra*, at 678, which requires more than alleging a sheer possibility that a defendant has acted unlawfully. As in her facially defective general negligence claim, Ms. Maddeleine does not plead when the alleged abuse took place, who the alleged perpetrator was, who allowed it, or even where the incidents occurred. The unspecified intentional tort claim fails to state a claim and should be dismissed.

### 3. Premises Liability

The elements of a premises liability claim the same as those for negligence. *Nieves v. Costco Wholesale Corporation*, Case No. 3:22-cv-00977-JD, 2022 WL 5199904, at *2 (N.D. Cal. Oct. 5, 2012); *Jones v. Awad*, 39 Cal.App.5th 1200, 1207 (2019). As in the negligence claim, the Complaint does not allege the dates of the breach of duty, who was involved, or where it took place. Just like the negligence claim, the premises liability claim fails to state a claim and should be dismissed.

### 4. The Dram Shop Claim

Business & Professions Code §§ 25602, 25602.1, 25602.2, and 25602.3 and Civil Code § 1714(b) and (c) comprise California's dram shop statutes. Just as in the negligence and premises liability claims, the form Complaint does not allege the date or dates of the allegedly wrongful conduct, where it took place, or who was involved.

Even if such allegations were in the Complaint, under conflict of law principles, the dram shop claim is not a cause of action available in California for injuries to a California resident that were allegedly sustained in Nevada. *Cable*, 93 Cal.App.3d at 396-397. The dram shop claim fails to state a claim and should be dismissed.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

. . . . .

## V.   THE RELIEF REQUESTED

MGM Resorts requests that its motion to dismiss brought, respectively, under Rules 12(b)(2), 12(b)(5), and 12(b)(6) be granted, as follows:

- California lacks general and specific personal jurisdiction over MGM Resorts, so this lawsuit should be dismissed with prejudice.

- Ms. Maddeleine's service of process is insufficient, and leave for proper service would be futile due to dismissal under Rule 12(b)(2).

- The Complaint fails to state claims upon which relief can be granted, and leave to amend would be futile, *Hartmann, supra*, 707 F.3d at 1130, given the lack of personal jurisdiction. *Sarad v. Option One Mortgage*, No. CIV S-09-1080 DAD PS, 2010 WL 3784014, at *7 (E.D. Cal. Sept, 27, 2010).

MGM Resorts requests dismissal, with prejudice, under Rule 12(b)(2).

Dated: August 30, 2023

**WOOD, SMITH, HENNING & BERMAN LLP**

By: _____

Frances M. O'Meara
Robert A. Latham III

Attorneys for Defendant MGM Resorts International dba Bellagio Casino

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On August 30, 2023, I served the following document(s) described as **NOTICE OF MOTION AND RULE 12(b)(2), 12(b)(5), AND 12(b)(6) MOTION OF DEFENDANT MGM RESORTS INTERNATIONAL DBA BELLAGIO CASINO; POINTS AND AUTHORITIES** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 30, 2023, at Los Angeles, California.

*/s/Melinda K. Alexander*
Melinda K. Alexander

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1

## SERVICE LIST

Maddeleine dba Gold Beautiful Truth v. MGM Resorts International dba Bellagio Casino, U.S. District Court, C.D. Cal. Case No. 2:23-cv-06282

**Plaintiff pro sé**

Scarlett Maddeleine dba
Gold Beautiful Truth
435 Ocean Park Boulevard, No. 107-460
Santa Monica, California 90405
T: 512.923.3489

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1

**PROOF OF SERVICE**

2

3

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

4

5

On August 31, 2023, I served the following document(s) described as **NOTICE OF FILING OF CASE-CITATION <u>HYPERLINKED</u> RULE 12(b)(2), 12(b)(5), AND 12(b)(6) MOTION OF DEFENDANT MGM RESORTS INTERNATIONAL DBA BELLAGIO CASINO [DOC. 18]** on the interested parties in this action as follows:

6

7

8

9

**SEE ATTACHED SERVICE LIST**

10

**BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

11

12

13

14

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

15

16

Executed on August 31, 2023, at Los Angeles, California.

17

18

19

*/s/Melinda K. Alexander*

Melinda K. Alexander

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

29532573.1:10479-0006

-3-

NOTICE OF FILING OF MGM RESORTS' HYPERLINKED RULE 12(b) MOTION

**SERVICE LIST**

Maddeleine dba Gold Beautiful Truth v. MGM Resorts International dba Bellagio Casino, U.S. District Court, C.D. Cal. Case No. 2:23-cv-06282

**Plaintiff pro sé**

Scarlett Maddeleine dba
Gold Beautiful Truth
435 Ocean Park Boulevard, No. 107-460
Santa Monica, California 90405
T: 512.923.3489

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650